UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                               CRIMINAL NO. 3:08cr164 DPJ-JCS

ALLAN K. HEARNE

# ORDER

This criminal matter is before the Court on Allan K. Hearne's motion for a new trial [52]. Defendant filed no memorandum and no reply to the Government's response. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be denied.

## I.    Facts and Procedural History

A jury found Dr. Hearne guilty on all seven counts of an indictment that generally alleged health care fraud and related federal offenses. Among the Government witnesses was Howard McClendon, the United States Attorney's Office Health Care Fraud Investigator. After the trial, the Government, acting on its own initiative, disclosed that McClendon testified on three occasions before the grand jury but that the final transcript had not been produced. The excluded testimony was given in support of a superseding indictment that added two additional charges of health care fraud and an additional count of making a false statement to the Social Security Administration. According to the Government, it inadvertently failed to request a transcript of McClendon's final testimony and did not therefore possess a copy until the trial concluded. Defendant's motion seeks "a new trial based upon the failure to produce the February 17, 2009 Grand Jury testimony of investigator Howard McClendon." Defendant's Motion [52].

## II. Analysis

Rule 33 of the Federal Rules of Criminal Procedure governs motions for a new trial and allows the court to "vacate any judgment and grant a new trial if the interest of justice so requires." "A new trial is granted 'only upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)). A violation of Title 18, United States Code, Section 3500 (Jencks Act), can constitute ground for a new trial.

Failure to disclose grand jury testimony violates the Jencks Act. *United States v. Montgomery,* 210 F.3d 446, 451 (5th Cir. 2000). Moreover, there is no good faith exception to the requirements of the Jencks Act. *Id*. However, violations are considered under harmless error analysis. *Id.* (citing *United States v. Martinez*, 151 F.3d 384, 391 (5th Cir. 1998)). In conducting this analysis, the Court must determine "whether the error itself had a substantial influence on the judgment in addition to determining whether there was sufficient evidence to support the conviction." *Id.* Finally, the error will be harmless unless the suppressed statement substantially deviates from the witness's trial testimony. *Id*.

Here, the Government presented strong evidence upon which the jury could support guilty verdicts on all seven counts. Having reviewed McClendon's testimony at trial and before the grand jury, the Court finds that possession of the grand jury transcript would not have substantially influenced the judgment, and that McClendon testified consistently before the grand jury and at trial–Defendant has not suggested otherwise. Failure to produce the transcript therefore constitutes "harmless error." *Id.*

IT IS, THEREFORE, ORDERED that Defendant's motion for new trial is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2009.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE